UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

PORTLAND DIVISION


CAROLINE C. PEREZ and MARIA T.
PEREZ, individually and on behalf of
all others similarly situated,

                  Plaintiffs,

     v.

DEL MONTE FRESH PRODUCE N.A.,
INC., a Florida Foreign Business
Corporation,

                  Defendant.

_____

Case No. 3:11-CV-1243-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

This case is now before the court for the third time.  Plaintiffs Carolina[1] C. Perez and Maria

_____

[1]Carolina was inadvertently identified as "Caroline" in the caption of the notice of removal
and a number of complaints.  She will be referred to as "Carolina" throughout this Findings and
Recommendation.

Page 1- FINDINGS AND RECOMMENDATION                               *{SIB}*

T. Perez (collectively "Plaintiffs"), originally filed this action in state court on behalf of themselves and similarly situated individuals against their past employer Del Monte Fresh Produce ("Del Monte") for violation of wage and hour laws and breach of contract. Del Monte removed the action to this court on two prior occasions asserting the existence of diversity jurisdiction under 28 U.S.C. §§ 1332(a) and (d). Del Monte's third removal of this action is based solely on 28 U.S.C. § 1332(d). Presently before the court are Plaintiffs' motion to remand and motion to amend the complaint. Once again, the court finds that Del Monte has failed to establish that the claims of the putative class exceed $5,000,000 based on the allegations of the operative complaint as required under § 1332(d). Accordingly, Plaintiffs' third motion to remand should be granted and Plaintiffs' motion to amend should be addressed by the state court upon remand. Alternatively, the court finds that Plaintiffs' motion to amend should be granted and the case remanded based on Del Monte's improper reliance on Plaintiffs' clerical error in seeking removal.

## Background

As noted above, these parties and this action are before this court for a third time. The first action, *Perez v. Del Monte Fresh Produce N.A., Inc.*, CV No. 09-1194-AC, was removed to this court on October 8, 2009, and remanded back to state court on April 2, 2010 ("First Action"). The second action, *Perez v. Del Monte Fresh Produce N.A., Inc.*, CV No. 10-675-AC, was removed to this court on June 11, 2010, and remanded back to state court on August 19, 2011 ("Second Action"). Del Monte removed the instant action to this court on October 14, 2011 ("Third Action"). Plaintiffs filed a timely motion to remand and also moved to amend their complaint.

I.  The First Action

On June 17, 2009, Plaintiffs filed a class action complaint in the Circuit Court of the State

of Oregon for the County of Multnomah (the "Complaint").  (Notice of Removal, Ex. 1 at 1-8.)  In the Complaint, Plaintiffs defined the class as "persons who worked at Del Monte's produce packing plant in Portland, Oregon, during the period from after June 12, 2007, through the date of filing this action; and for those employed thereafter with respect to any violation of wage and hour law alleged herein, until such time as Del Monte complies with the law," and further alleged that class members were "minimum wage or close to minimum wage workers."  (Notice of Removal, Ex. 1 at 3.) Plaintiffs alleged that Del Monte breached Oregon's wage and hour laws by failing to pay them for preparatory and concluding activities, such as "time spent locating, obtaining, donning, doffing, and returning their uniforms and protective equipment," failing to provide uninterrupted meal periods, and failing to provide paid, uninterrupted ten-minute rest periods for each four hours worked. (Notice of Removal, Ex. 1 at 2.)  As a result of these violations, Del Monte allegedly underpaid each of the class members by at least thirty minutes for each full day of work, failed to pay overtime to class members who worked more than 10 hours per day or more than 40 hours per week, and breached a settlement agreement entered into in late July 2006, in which Del Monte agreed to comply with state law in all of the above particulars ("Settlement Agreement").  (Notice of Removal, Ex. 1 at 2-7.)  Plaintiffs sought a declaration that Del Monte had violated wage and hours laws, and the Settlement Agreement; an injunction prohibiting Del Monte from engaging in such violations in the future; and reasonable costs and attorney's fees.  (Notice of Removal, Ex. 1 at 7-8.)

Del Monte moved to dismiss the Complaint asserting that Plaintiffs had failed to join a necessary party.  (Notice of Removal, Ex. 1 at 9.) Del Monte argued that it was not the employer of Plaintiffs and, therefore, was not liable for violations of the wage and hour laws.  (Notice of Removal, Ex. 1 at. 14-16.)  Del Monte represented that "Plaintiffs are presumed to have been

employed by Real Time Staffing Services, Inc., dba Select Staffing" ("Select Staffing") and offered in support of this representation a Temporary Worker Agreement between Del Monte and Select Staffing dated June 18, 2007, and effective for a term of one year ("Worker Agreement"). (Notice of Removal, Ex. 1 at 16, 22-32.) Attached as an exhibit to the Worker Agreement was a list of worker classifications and related bill rates. The regular time bill rates with a 1.32 markup ranged from $10.39 for a production worker to $13.53 for a sanitation III worker, which represents an hourly wage range of $7.87 to $10.25. (Notice of Removal, Ex. 1 at 30.)

On July 23, 2009, Plaintiffs filed an amended complaint ("First Amended Complaint"). (Notice of Removal, Ex. 1 at 34-42.) Plaintiffs dropped their claims based on Del Monte's failure to provide uninterrupted ten-minute rest periods except with regard to the breach of the Settlement Agreement, deleted their allegations that all class members were minimum or close to minimum wage workers and the inclusion of all future employees in the class, and added claims for damages for unpaid wages (including overtime, minimum, and wrongfully deducted wages), statutory damages, and contract damages. (Notice of Removal, Ex. 1 at 34-42.) Del Monte moved to dismiss the First Amended Complaint for failure to state ultimate facts sufficient to constitute a claim, without waiving any of its prior motions. (Notice of Removal, Ex. 1 at 123.)

On September 4, 2009, Plaintiffs moved for leave to file a second amended complaint to set forth, with specificity, the amount of damages sought by the Plaintiffs[2] ("Second Amended Complaint'). (Notice of Removal, Ex. 1 at 138.) Carolina Perez, who worked for Del Monte from March 2008 to July 2008, and February 2009 to April 2009, sought damages not to exceed $1,344.96

---

[2]Plaintiff also sought to make minor punctuation and numbering corrections in the new complaint.

in overtime wages with a related penalty of $3,996.00; damages not to exceed $704.20 in unpaid minimum wages with a related penalty of $3,996.00; damages not to exceed $896.40 in unpaid wages on her failure to pay wages claim; damages not to exceed $2,943.76 in unpaid wages for the breach of the Settlement Agreement; and damages not to exceed $560.25 in wrongfully deducted wages. (Notice of Removal, Ex. 1 at 145-150.) Maria Perez, who worked for Del Monte from July 2007 to March 2009, sought damages not to exceed $4,789.00 in overtime wages with a related penalty of $2,160.00; damages not to exceed $105.60 in unpaid minimum wages with a related penalty of $2,160.00; damages not to exceed $3,193.20 in unpaid wages on her failure to pay wages claim; damages not to exceed $8,088.60 in unpaid wages for the breach of the Settlement Agreement; and damages not to exceed $2,025.00 in wrongfully deducted wages. (Notice of Removal, Ex. 1 at 145-150.)

On October 8, 2009, Del Monte removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332(a) and attaching a copy of the Complaint.[3]  On October 23, 2009, Del Monte filed an amended notice of removal asserting the Class Action Fairness Act of 2005 (28 U.S.C. §1332(d))(the "Act") as an additional ground for federal jurisdiction and representing that the amended notice was filed within thirty days of discovering the number of putative class members (the "First Notice").  Plaintiffs filed a motion to remand on November 6, 2009.  In a Findings and Recommendation filed January 21, 2010, this court found that Del Monte failed to present evidence establishing, by a preponderance of the evidence, that the alleged damages exceeded either the $75,000 amount in controversy required under 28 U.S.C. § 1332(a) or the aggregate $5,000,000

---

[3]While the Complaint was attached to the notice, both parties, as well as the court, relied on the allegations of the First Amended Complaint with regard to the amount in controversy.

amount in controversy required under 28 U.S.C. § 1332(d), and recommended remand of the action to state court. *Perez v. Del Monte Fresh Produce N.A., Inc.*, No CV. 09-1194-AC, 2010 WL 1406390 (D. Or. Jan. 21, 2010). Judge Anna Brown adopted the Findings and Recommendation and remanded the action on April 2, 2010. *Perez v. Del Monte Fresh Produce N.A., Inc.*, No 09-CV-1194-AC, 2010 WL 1406418 (D. Or. April 2, 2010).

On May 21, 2010, Plaintiffs filed a revised motion in state court for leave to file a new version of the Second Amended Complaint ("New Second Amended Complaint") which was intended to fully replace the prior motion. (Notice of Removal, Ex. 1 at 296.) In the New Second Amend Complaint, Plaintiffs included the amendments set forth in the Second Amended Complaint and added the language "AGGREGATE OF ALL CLAIMS DOES NOT EXCEED FIVE MILLION DOLLARS" to the caption as well as similar language in the background paragraphs, properly identified a named plaintiff as Carolina in the caption, included some general language regarding the named plaintiffs' dates of service and the inclusion of class members when referring to plaintiffs in the claims, further defined the class as production workers, corrected grammatical errors, and renumbered the paragraphs as required by the additional language. (Notice of Removal, Ex. 1 at 298-309.) Del Monte reasserted its argument that the action should be dismissed for failure to join an indispensable party and opposed the motion to amend the First Amended Complaint as futile. (Notice of Removal, Ex. 1 at 311.) While the signed order is not part of the record, the parties agree that the state court denied Del Monte's motion to dismiss, granted Plaintiffs' revised motion to file the New Second Amended Complaint on June 4, 2010, and allowed Plaintiffs ten day to file the New Second Amended Complaint. (Notice of Removal, Ex 1 at 321-22); *Perez v. Del Monte Fresh Produce N.A., Inc.*, No CV. 10-675-AC, 2011 WL 3664595, at *3 (D. Or. Aug. 19, 2011).

II.  The Second Action

On June 11, 2010, Del Monte filed a second notice of removal in this court before Plaintiffs filed the New Second Amended Complaint in state court (the "Second Notice").  Del Monte again asserted that this court had diversity jurisdiction under either 28 U.S.C. § 1332(a) or the Act relying primarily on the allegations of the New Second Amended Complaint.  Plaintiffs filed the New Second Amended Complaint in this court on July 30, 2010.

Initially, the court addressed the question of which complaint was the operative complaint for the purposes of determining whether the court had jurisdiction over the action.  The court found that while the state court had granted Plaintiffs' motion to amend their complaint at the time of removal, the New Second Amended Complaint had not been filed and was not the operative complaint at that time.  Accordingly, the court looked to the allegations in the First Amended Complaint to determine the appropriate standard to apply but also considered the allegations in the New Second Amended Complaint with regard to the amount in controversy.  *Perez*, 2011 WL 3664595, at *4, *6.  The court concluded that the attorneys fees sought by the Plaintiffs should be divided among all members of the class for the purpose of determining the amount in controversy and that Del Monte failed to establish, by a preponderance of the evidence, that the two named plaintiffs had claims in excess of the $75,000 jurisdictional requirement found in 28 U.S.C. § 1332.  *Id*. at *8-9.  With regard to the $5,000,000 amount in controversy required under the Act, the court decreased the amount of attorney fees Del Monte estimated Plaintiffs would incur in litigating this action based the lower estimate offered by Plaintiffs and the experience gained by Del Monte in previously litigating two similar actions against Del Monte, and limited Plaintiffs to a single recovery of statutory penalties for both overtime and minimum wage violations, which resulted in a finding

that less than $5,000,000 was at issue.  *Id*. at *10; Perez, 2011 WL 3664306, at *5-6.  The court

remanded the Second Action to state court on August 19, 2011.  On August 26, 2011, Plaintiffs

petitioned the Ninth Circuit for permission to appeal the remand (the "Appeal").  (Notice of Removal

Ex. 1 at 434.)

On September 15, 2011, Plaintiffs filed a complaint entitled "Second Amended Class Action

Complaint" in state court (the "Third Amended Complaint").  (Notice of Removal Ex. 1 at 403.)

The Third Amended Complaint was substantially similar to the New Second Amended Complaint,

which the state court had ordered Plaintiffs to file within ten days of June 4, 2010, and which

Plaintiffs filed in this court on July 30, 2010, with only one alteration.  The Third Amended

Complaint expanded the class period described in paragraph seven from two years ("during the

period from June 12, 2007, through the date of filing this action") to include a longer, indefinite

period for future employees ("and for those production workers employed thereafter with respect to

any violation of wage and hour law alleged herein, until such time as Del Monte complies with the

law.")  (Notice of Removal Ex. 1 at 405.)

On September 28, 2011, Del Monte filed a motion to stay the proceedings pending resolution

of the Appeal and an accompanying motion for extension of time to respond to the Third Amended

Complaint.  (Notice of Removal Ex. 1 at 429, 433.)  In the motion to stay, Del Monte noted in a

footnote that:

> It appears that the Second Amended Class Complaint [Third Amended Complaint]
> is not the same as the proposed Second Amended Class Action Complaint that
> Plaintiffs attached to the May 21, 2010, Revised Motion for Leave to File Second
> Amended Complaint.  For instance, the proposed version defines the class differently
> than the recently filed Second Amended Class Action Complaint [Third Amended
> Complaint] (*Compare* ¶ 7 of the proposed version *with* ¶ 7 of the Second Amended
> Class Action Complaint).  As such, to the extent the Second Amended Class Action

Complaint [Third Amended Complaint] was improperly filed, Del Monte reserves
its rights to file the appropriate motion in response thereto.

(Notice of Removal Ex. 1 at 435 n. 1.)  Del Monte represented that Plaintiffs filed the Third

Amended Complaint without requesting leave to do so.  (Notice of Removal Ex. 1 at 436.)  Also,

Del Monte argued that "an order of enlargement of time will prevent prejudice to Del Monte because

Del Monte will not waste resources responding to a Second Amended Complaint that Plaintiffs did

not have leave to file."  (Notice of Removal Ex. 1 at 430.)  In response to Del Monte's motion for

stay, Plaintiffs acknowledged that paragraph 7 of the Third Amended Complaint is different from

that found in the New Second Amended Complaint approved by the state court and asserted that if

Del Monte had any objection to the filing of the Third Amended Complaint, it should file a motion

with the state court setting forth its grounds.  (Notice of Removal Ex. 1 at 440-41.)

## III.  The Third Action

On October 14, 2011, Del Monte filed a third Notice of Removal of Action to Federal Court

relying on the allegations in the Third Amended Complaint and asserting jurisdiction solely under

the terms of the Act (the "Third Notice").  In the Third Notice, Del Monte represented that:

> Without leave, Plaintiffs filed the purported Expanded Second Amended Complaint
> (which is actually a third amended complaint) that defined the class period from
> "June 12, 2007, through the date of filing this action *and for those production
> workers employed thereafter with respect to any violation of wage and hour law
> alleged herein, until such time as Del Monte complies with the law.*" (emphasis
> added).  By relying on the Expanded Second Amended Complaint, Del Monte does
> not waive its right to object to it being filed without leave from the state court.

(Notice of Removal Ex. 1 at 440-41.)  In a status report filed on November 9, 2011, Del Monte again

indicated that the only reason it removed this action for the third time was because Plaintiffs filed

the Third Amended Complaint which nearly doubled the class period, acknowledged that Plaintiffs

characterize this filing as "inadvertent", and noted that "Plaintiffs should be ordered to amend their complaint." (CR at #13, 11/9/11). Del Monte referenced email correspondence from Plaintiffs' counsel to the court dated November 2, 2011, in which Plaintiffs agreed with Del Monte that the Third Amended Complaint is different from the New Second Amended Complaint previously approved by the state court, that this difference was inadvertent, and that Plaintiffs intend to seek leave to correct the error at the appropriate time. (Pls.' Mem. in Support of Motion to Remand at 3-4.) Del Monte filed an answer to the Third Amended Complaint on November 15, 2011.

Plaintiffs filed a motion to remand on November 30, 2011. In the supporting memorandum, Plaintiffs again acknowledge the differences between the two complaints and indicate an intent to correct the unintentional error. Specifically, Plaintiffs state that:

> Del Monte has pointed out that paragraph 7 of the second amended complaint actually filed in state court differs from the one plaintiffs submitted two years earlier with their motion for leave to amend in that it expands the class period from two years to some larger but unspecified time period. This discrepancy was an unintentional error on the part of plaintiffs' counsel. Had the case not been removed, plaintiffs would certainly have amended the complaint in state court to correct the mistake as soon as it was pointed out. They are equally willing to do so in this Court.

(Pls.' Mem. in Support of Motion to Remand at 3.) On December 13, 2011, Plaintiffs filed a motion to amend the Third Amended Complaint for the sole purpose[4] of correcting the drafting error in paragraph seven "that may have had the unintended effect of expanding the class period beyond the time period allowed by the state court's order granting leave to amend." (Pls.' Mot. for Leave to Amend at 2.) In his declaration supporting the motion to remand, attorney Arthur Schmidt admits that he was responsible for filing the New Second Amended Complaint and represents that because

---

[4]The proposed amended complaint attached to the motion also deleted several references to Oregon procedural law to account for the difference between Oregon and federal pleading.

he could not find his file copy of the New Second Amended Complaint, he filed the version attached

to Remedy Intelligent Staffing's ("Remedy Staffing") motions to intervene and for stay pending

arbitration which included language expanding the class period by approximately two years.

(Schmidt Decl. ¶¶ 2-3.)  Schmidt explains that:

> [i]n doing so I did not intend to expand the class period or to accomplish any other
> goal than filing the second amended complaint with its express waiver of amounts
> in excess of $5 million.  Plaintiffs have never obtained leave from any court to
> expand the class period or the class membership beyond "persons who worked as
> production workers at Del Monte's produce packing plant in Portland, Oregon,
> during the period from after June 12, 2007, through the date of filing of this action."

(Schmidt Decl. ¶ 4.)  Del Monte does not oppose the amendment of the Third Amended Complaint

but does object to the consideration of the allegations in that amended complaint by this court with

regard to the motion to remand.

*Legal Standard*

I.  Motion to Remand

28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject
> matter jurisdiction, the case shall be remanded.  An order remanding the case may
> require payment of just costs and any actual expenses, including attorney fees,
> incurred as a result of the removal.

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor

of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The presumption against removal

jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.*

This same burden applies to class actions removed to federal court under the terms of the Act.

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

## II.  Motion to Amend

A party may amend a pleading once as a matter of course within twenty-one days of serving it or twenty-one days after a responsive pleading is filed.  FED. R. CIV. P. 15(a)(1) (2011).  Thereafter, a party may amend a "pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2) (2011).  Although this rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), leave to amend should not be granted automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Whether to grant leave to amend lies within the sound discretion of the trial court.  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*

*Discussion*

## I.  Motion to Remand

The right to remove a state action to federal court is "to be determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939); *See also Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985)("We

confine our analysis to the claim as presented in Eagle's initial complaint because the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed."). Both parties assume that the Third Amended Complaint, which was filed in state court before the action was removed for the third time, is the operative complaint. This assumption overlooks that a complaint filed without court approval, consent of the parties, or in accordance with the civil rules under either Oregon or federal law is without effect. Therefore, the Third Amended Complaint has no bearing on the right of Del Monte to remove, or on Plaintiffs' motion to remand, this action.

The Oregon Rules of Civil Procedure allow a party to amend a pleading once as a matter of course before a responsive pleading is served or, if no responsive pleading is permitted, within twenty days after service. OR. R. CIV. P. 23A (2011). Thereafter, similar to the federal rule, "a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." OR. R. CIV. P. 23A (2011). Any amended pleading filed in violation of this rule is improperly filed and hase no legal effect on the proceedings.

In *Shaughnessy v. Spray*, 55 Or. App. 42 (1981), plaintiff filed a wrongful death action against the decedent's physician to which the physician timely answered. Nearly a year later, but still within three years of the decedent's death, plaintiff filed an amended complaint adding two new defendants and asserting products liability claims without leave of court or the consent of the physician. *Id*. at 44-45. The new defendants filed a motion to dismiss the amended complaint arguing that it was filed in violation of Rule 23A. *Id*. at 45. Shortly thereafter, but more than three years after decedent's death, plaintiff filed a second amended complaint pursuant to an order and to which the physician's attorney had stipulated. *Id*. The new defendants then filed a motion to dismiss

the claims asserted against them in the second amended complaint on the grounds that the statute of limitations had run before the second amended complaint was filed. *Id*. The trial court granted the new defendants' motion to dismiss both the amended complaint, for violation of Rule 23A, and the second amended complaint with regard to the claims against the new defendants, for violation of the applicable three-year statute of limitations. *Id*. The appellate court affirmed the dismissal of the amended complaint but then found the plaintiff had timely filed the products liability claims based on the date the second amended complaint was filed and the date plaintiff discovered causal involvement of the new defendants in the decedent's death. *Id*. at 46-51. The *Shaughnessy* court treated the amended complaint filed in violation of Rule 23A as though it was never filed. The amended complaint did not effect the statute of limitations, nor did it bind the new defendants in any way.

Numerous federal courts have treated amended complaints filed in violation of Rule 15(a) similarly. In *United States v. Healthsouth Corp.*, 332 F.3d 293 (5th Cir. 2003), the Fifth Circuit addressed the same issue before the Oregon courts in *Shaughnessy* with the same result. The plaintiff filed a *qui tam* action against his employer alleging that he was forced to resign from his position on August 4, 1998, and then filed an amended complaint further developing his initial claim on June 22, 1999. *Id*. at 294. On August 2, 1999, plaintiff delivered a second amended complaint to the court adding state law claims for wrongful termination, which related to the original claim, and age discrimination, which had no factual relationship to the original claim. *Id*. In response to notice from the clerk of the court that he had failed to request leave of court to file the second amended complaint, plaintiff requested, and obtained, leave to file the second amended complaint on August 9, 1999. *Id*. The district court granted defendant's motion to dismiss the age

discrimination claim finding it was barred by the applicable one-year statute of limitations, but allowed plaintiff's wrongful discrimination to proceed because the factual underpinnings related back to the original complaint and was, therefore, timely. *Id.* The Fifth Circuit affirmed explaining that:

> [u]nder Rule 15(a), Mathews needed permission before his amended complaint could be filed, which he did not have on August 2. Second, failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an mended complaint having no legal effect. Without legal effect, it can not toll the statute of limitations period.

*Id.* at 296.[5] The Tenth and Eleventh Circuits have also held that an amended pleading filed without leave of court or consent from the opposing party in violation of Rule 15(a) has no legal effect. *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998)("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.3d 1538, 1544 (11th Cir. 1988)("As for the additional claims asserted in Hoover's second amended complaint, it is clear that the district court did not consider itself obliged to consider them since the plaintiff did not move for leave of court to file such a pleading under FED. R. CIV. P. 15(a). . . . Here, the district court acted properly in treating Hoover's supplemental pleading as a nullity, particularly since it was inclined to deny any motion for leave to amend that Hoover might have filed."). The California district court has relied on these cases in finding that "[i]f an amended pleading is filed without leave of court or consent of

---

[5]The Fifth Circuit also discussed a limited exception recognized by some federal courts allowing an amended complaint filed in violation of Rule 15(a) to be considered properly filed when leave to amend would have been granted had it been sought and none of the parties would be prejudiced by allowing the change. *Healthsouth*, 332 F.3d at 295. This exception is not relevant here as Plaintiffs have made it clear that they did not intend to increase the class period and have no desire to amend the complaint in this manner.

the opposing party, the amended pleading is a nullity and without legal effect" and striking the amended pleadings from the record. *Hardin v. Wal-Mart Stores, Inc.*, 83 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011); *Johnson v. Washington Mut.*, No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009); *Booth v. United States*, No. CIV F 07-486 AWI WMW, 2007 WL 2462158, at *2 (E.D. Cal. Aug. 29, 2007).

Plaintiffs amended the Complaint as a matter of right when they filed the First Amended Complaint on July 23, 2009. Accordingly, Plaintiffs were required to obtain permission from Del Monte or leave from the state court prior to amending the First Amended Complaint. On September 4, 2009, Plaintiffs moved to file the Second Amended Complaint. The state court never ruled on this motion. On May 1, 2010, Plaintiffs filed a revised motion to amend seeking to file the New Second Amended Complaint, a copy of which was attached to the motion. The New Second Amended Complaint described the class as "production workers at Del Monte's produce packing plan in Portland, Oregon, during the period from after June 12, 2007, through the date of filing this action." (Notice of Removal Ex. 1 at 300.). After holding oral arguments on the revised motion to file the New Second Amended Complaint and Del Monte's motions to dismiss or strike Plaintiffs' complaint, the state court granted Plaintiffs' revised motion to amend and ordered Plaintiffs to file the New Second Amended Complaint within ten days of the order, or before June 14, 2010. Plaintiffs never filed the New Second Amended Complaint in state court and did not file the New Second Amended Complaint in this court until July 30, 2010. On September 15, 2011, shortly after this action was remanded to state court, Plaintiffs filed the Third Amended Complaint which expanded the class period by nearly two years. Plaintiffs never sought, and the state court never gave Plaintiffs, leave to file the Third Amended Complaint. Therefore, the filing of the Third Amended

Complaint is a nullity and has no legal effect.

Even assuming that the June 4, 2010, order of the state court authorizing Plaintiffs to file the New Second Amended Complaint could be construed as leave to file the Third Amended Complaint, the Oregon appellate court has made it clear that it will strictly enforce the time limits imposed on the filing of amended pleadings. In *Patterson v. Wasner*, 128 Or. App. 254, 256 (1994), the court granted defendant's motion to dismiss plaintiffs' complaint for failure to state a claim on December 10, 1992. On December 23, 1992, plaintiffs objected to the entry of judgment arguing they were entitled to file an amended complaint and also filed an amended complaint. *Id*. The trial court overruled plaintiffs' objections, disregarded the amended complaint, and entered judgment on the dismissal of the original. *Id*. The Oregon appellate court affirmed explaining that:

> Plaintiffs are correct that ORCP 23A permits a party to amend a pleading "once as a matter of course" in some circumstances. However, if the court has already granted a motion filed in response to the complaint, ORCP 15B(2) requires that an amended pleading "shall be filed within 10 days after service of the order, unless the order otherwise directs." In this case, the motion and order, which were served on plaintiffs on November 4, 1992, and entered on December 10, 1992, did not "otherwise direct" that an amended pleading could be filed after 10 days. Plaintiffs did not file their amended complaint until December 23, 1992, more than 10 days after the order dismissing the complaint. The trial court did not err in disregarding the untimely filed amended complaint.

*Id*. at 258.

Here, Plaintiffs obtained leave of court to file the New Second Amended Complaint within ten days on June 4, 2010. Accordingly, Plaintiffs were required to file the New Second Amended Complaint on or before June 14, 2010. As a result of Del Monte's removal of the action on June 11, 2010, prior to the filing of the New Second Amended Complaint, Plaintiffs were unable to meet the June 14, 2010, deadline set by the state court. Plaintiffs did not file the New Second Amended

Complaint in this court after removal until July 30, 2010, deadline, and did not file the Third Amended Complaint in state court after remand until September 15, 2011. Even assuming that the filing of the New Second Amended Complaint in this court could satisfy the state court order, the New Second Amended Complaint was not filed within the ten days specified in that order. Similarly, assuming that the time period for filing the New Second Amended Complaint was tolled while the action was in federal court, the action had been remanded to state court for nearly four weeks before Plaintiffs filed the Third Amended Complaint, well beyond the ten days ordered by the state court on June 4, 2010, even without considering the seven days the case remained in state court before removal to this court. Accordingly, the Third Amended Complaint was not timely filed and should be disregarded.

Plaintiffs filed the Third Amended Complaint without obtaining leave of court or the consent of Del Monte and beyond the ten-day time limit set by the state court in the June 4, 2010. The Third Amended Complaint is a nullity, of no legal consequence, and should be stricken or, at the least, disregarded. Therefore, the First Amended Complaint remains the operative complaint and the allegations contained therein govern the question of whether this court had jurisdiction based on the Act, and the appropriate standard to apply to such determination. This court has already determined that, based on the allegations of the First Amended Complaint and the relevant facts offered by the parties in support of their positions, Del Monte has failed to establish by a preponderance of the evidence that this action satisfies the $5,000,000 amount-in-controversy requirement of the Act. This ruling still stands. Plaintiffs' motion to remand should be granted.

## II. Motion to Amend

Assuming the Third Amended Complaint was properly filed in accordance with OR. R. CIV.

P. 23A and is the operative complaint for the purposes of determining removal jurisdiction under the Act, Plaintiffs move to amend the Third Amended Complaint on the basis that it was mistakenly filed. Del Monte takes no position on Plaintiffs' motion to amend the Third Amended Complaint to eliminate the expansion of the class period by two years, but does argue that the court should not consider the allegations of the newly amended complaint with regard to the existence of jurisdiction under the Act. Del Monte appears to concede that when federal jurisdiction is based on a "mistake" in the state court pleading, remand is appropriate, but argues the Plaintiffs' inclusion of the expanded class in the Third Amended Complaint was not a mistake.

In light of the absence of any objection from Del Monte on Plaintiffs' motion to amend the Third Amended Complaint, and the obligation of the court to grant such a motion freely when justice requires, the court finds that Plaintiffs' motion to amend is well taken and Plaintiffs should be allowed to file a new version of the Third Amended Complaint eliminating the reference to the expanded class period. As noted by Del Monte, the amendment narrows the class and prospective damages and, standing alone, does not prejudice it in any way. Del Monte does argue that it has suffered irreparable harm by the filing of the Third Amended Complaint in that it forced Del Monte to remove this action yet a third time, thus resulting in the dismissal of the Appeal, and to file a third-party complaint against a relatively new business partner, which action put a strain on that relationship. This harm resulted from Plaintiffs' filing the Third Amended Complaint without leave of court or Del Monte's consent, not from Plaintiffs' motion to amend the Third Amended Complaint to eliminate the allegations that caused the harm. Additionally, Del Monte could have avoided this "prejudice" by moving to strike the Third Amended Complaint as having been filed in violation of OR. R. CIV. P. 23A, which it has on more than one occasion admitted it had the right

to do, rather than filing the Third Notice and the third-party complaint. Arguably, any prejudice Del Monte incurred was the result of the filing of the Third Amended Complaint or of its own decisions and reactions in response to the filing of the Third Amended Complaint, not Plaintiffs' current motion to amend the Third Amended Complaint.

The court must now consider what effect, if any, the elimination of the expanded class period allegations has on Del Monte's removal of this action. While the right to remove a state action to federal court must be determined based on the operative pleading at the time of removal, various federal courts have held that if removal jurisdiction is based on a clerical mistake or scrivener's error, a district court, in its discretion, may find that it lacks jurisdiction and remand the action back to state court. In a case virtually identical to that currently before the court, the Seventh Circuit affirmed a remand where removal was based on the unintentional addition of a new defendant. *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330 (7th Cir. 2005).

In *Schillinger*, the plaintiffs originally filed a class action against the railroad and a related company involving Illinois property owners affected by right-of-ways allegedly owned by the railroad. *Id*. at 331-32. The defendants removed the action asserting diversity jurisdiction under the Act but the district court remanded, finding the amount in controversy did not exceed $75,000 and there was no subject matter jurisdiction. *Id*. at 332. Plaintiffs then voluntarily dismissed the related company after realizing it did not have any interest in the right-of-ways or run the railroads. *Id*. A few months later, the plaintiffs moved to amend the complaint to expand the class nationwide. *Id*. The proposed amended complaint attached to the motion again listed the related company as a defendant despite the prior dismissal of that defendant. *Id*. The parties briefed and argued the motion to amend, addressing only the merits of expanding the class definition, not the addition of

the related company. *Id*. The state court granted the motion to amend and defendants again removed the action relying, in part, on the addition of the related company to establish jurisdiction under the Act. *Id*. at 332-3.

In remanding the action for a second time, the district court found that the inclusion of the related company as a defendant in the amended complaint was a scrivener's error, that plaintiffs did not intend bring the related company back into the case, and that the related company should not be considered a party to the action. *Id*. at 333. In doing so, the trial court relied on the fact that the plaintiffs never mentioned the related company in the motion to amend or supporting pleadings; did not serve the motion or the filed amended complaint on the related company; explained that the error resulted from their attorney's use of the original complaint, which named the related company as a defendant, as a template in preparing the proposed amended complaint; and failed to notice the inadvertent inclusion of the related company. *Id*.

The Seventh Circuit agreed with the district court explaining that:

> [t]his case should not come back to federal court if the only ground for jurisdiction is a clerical error, however harmless. . . . When a plaintiff amends his complaint after removal in away that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper. If the plaintiff amended simply to destroy diversity, the district court should not remand. But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court. . . . The correction of a clerical mistake falls into the latter category, and the district court would properly have granted a motion to remand if plaintiffs had amended their complaint to correct the mistake. It is a short step from that to the conclusion that the district court correctly held that jurisdiction is defeated if one of the pleading elements necessary to establish jurisdiction is a scrivener's error.

*Id*. at 333-34 (citations omitted). The court referenced, but did not necessarily rely on, factors courts take into account in determining whether remand based on legitimate reasons after an amendment

is appropriate, including "whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to state court will prejudice the defendant." *Id*. at 333 (citation omitted).

Similarly, in *Beegal v. Park West Gallery*, Civil No. 05-5625 (RBK), 2006 WL 2645123 (D.N.J., Sept. 14, 2006), the district court granted a motion to remand, finding that it did not have jurisdiction under the Act based on an order from the state court mistakenly certifying a worldwide, rather than a nationwide, class. The plaintiff filed an action on behalf of "all those individuals who are residents of the United States who were passengers on a cruise line doing business with [Defendants], between 1996 and the present who purchased artwork at an auction conducted by Defendants." *Id*. at *1. In the motion to certify the class in state court, plaintiffs identified the class as individuals who purchased the artwork between but unintentionally omitted wording restricting the class to United States residents. *Id*. The defendants removed the action to federal court arguing the expansion of the class effectively commenced a new action and asserting jurisdiction under the Act. *Id*. The plaintiff moved to remand representing that the class certification order contained a clerical error. *Id*. The court looked to the pleadings and the argument in support of the class certification, which contained numerous reference to a statewide case and none to a worldwide class, and found that the expansion of the class was unintentional. *Id*. at *3-5. The court rejected the defendants' arguments that the plaintiff's failure to contest the characterization of the class as worldwide before the notice of removal was filed is evidence that the expansion of the class was intentional based on the fact that defendant brought the error to light only eight days before filing the notice of removal and, therefore, did not give plaintiff a realistic chance to object. *Id*. at *5. The

court relied on the holding in *Schillinger*, explaining that:

> This rationale is equally applicable to the facts of the case before this Court. But for the expansion of the class of plaintiffs created in the Superior Court's order, this Court would lack removal jurisdiction. The inclusion of worldwide plaintiffs is an error that by all accounts appears to be extremely careless but nonetheless unintentional. That the error was made by both Plaintiffs and the Superior Court does not further Defendants' argument that the wording of the class definition to include worldwide plaintiffs was intentional.

*Id*. at *6.

At least two district courts have remanded cases based on lack of diversity despite the fact that the complaint mistakenly alleged the existence of diversity. *See Sommers v. Air Liquide-Big Three Inc.*, Civil Action No. 07-577, 2007 WL 861186 (E.D. La. March 19, 2007)(court remanded action even though complaint mistakenly alleged plaintiff was resident of Louisiana, creating diversity, in light of evidence from plaintiff that she resided in Texas and defendants burden to establish jurisdiction); *Selim v. Pan American Airways Corp.*, 254 F. Supp. 2d 1316, 1319 (S.D. Fla. 2003)("The Court will not claim to exercise diversity jurisdiction over a matter where such jurisdiction clearly does not exist, merely due to an error by Plaintiff.")

Finally, Judge King of this district refused to retain jurisdiction over an action removed to this court on a mathematical error made by plaintiff's counsel in state court. *Migis v. Autozone, Inc.*, Civil No. 08-1394-KI, 2009 WL 223711 (D. Or. Jan 29, 2009). There, the plaintiff's counsel mistakenly multiplied an hourly wage rate by the number of minutes, rather than hours, employees worked during breaks resulting in the total damages from that claim alone being $6,169,846, rather than the correct $1,114.000. *Id*. at *2. The defendants removed asserting that figure met the amount in controversy required by the Act. *Id*. Judge King rejected this argument, finding that "defendant improperly relied on plaintiff's counsel's mathematical error in seeking removal." *Id*. After

considering other arguments, Judge King remanded the action to state court.

Based on this case law, it is within the court's discretion to remand a case that has been removed based on a scrivener's error. A scrivener's error, or clerical error, is an error "resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination," examples of which include "omitting an appendix from a document; typing an incorrect number; mistranscribing a word; and failing to log a call." BLACK'S LAW DICTIONARY 622 (9th ed. 2009). Plaintiffs' inclusion of the language expanding the class period in the Third Amended Complaint falls within the definition of scrivener's error. Plaintiffs' counsel represents that when it came time to file the New Second Amended Complaint after the second remand of this action, he was unable to locate his file copy so he looked to the Second Notice filed by Del Monte and used the first document that appeared to be the New Second Amended Complaint to prepare a clean copy to file with the court. This is virtually identical to the scrivener's error made by the plaintiffs' counsel in *Schillinger*. The error resulted from a minor mistake, from Plaintiffs' counsel inadvertently using the wrong version of the New Second Amended Complaint found in the Second Notice, and not from a judicial tactic or intentional deception.

Shortly before oral argument, Del Monte presented supplemental authority in the form of an Illinois district court case in support of its argument that this case does not qualify for the "scrivener's error" exception to the general rule that removal jurisdiction is determined at the time of removal. That case, *Altoum v. Airbus S.A.S.*, 2010 WL 3700819 (N.D. Ill. Sept. 9, 2010), is distinguishable from the present case on several grounds.

In *Altoum*, defendants removed a complaint filed by 102 plaintiffs alleging products liability and negligence claims arising from an airplane crash based the existence of federal jurisdiction under

Page 24- FINDINGS AND RECOMMENDATION                                    *{SIB}*

the Act.  2010 WL 3700819, at *1.  Plaintiffs' counsel sought remand and moved to amend the complaint to dismiss twenty plaintiffs already named in a prior complaint arising out of the same accident who had been mistakenly included due to alternative spellings of the plaintiffs' names.  *Id*. Based on the allegations of the complaint, the district court denied the motion to remand and allowed plaintiffs additional time to determine whether they still wanted to dismiss the twenty plaintiffs.  *Id*. at *4.  In doing so, the district court relied heavily on *In Re Burlington N. Santa. Fe. Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010), in which the Seventh Circuit denied plaintiffs' motion to amend a complaint to omit the class allegations that prompted removal under the Act based on the general rule that removal jurisdiction is to be determined at the time of removal and that nothing filed after removal has any effect on jurisdiction.  2010 WL 3700819, at *2-3.  The district court also specifically found that *Schillinger* was not controlling because plaintiffs' counsel fully intended to name all 102 plaintiffs in the complaint and, therefore, did not commit a scrivener's error.

The facts before the Seventh Circuit in *Burlington* did not raise the issue of clerical or scrivener's error and the court did not address that issue.  The *Burlington* plaintiffs clearly intended to assert a class action initially and only changed their mind after the case had been removed in an attempt to defeat federal jurisdiction.  The present case involves the unintentional and inadvertent expansion of the class period by Plaintiffs' counsel in the Third Amended Complaint.  Therefore, *Burlington*, is inapposite to the matter at hand.

In *Altoum*, plaintiffs' counsel drafted the initial complaint and intended, at the time the complaint was filed, to include all of the plaintiffs named therein.  As noted by the court, "Plaintiffs's counsel was not transcribing or copying any document when he drafted the Altoum Action. . . .Based on the information Plaintiffs' counsel possessed at the time of the filing, he

knowingly chose to bring suit on behalf of more that 100 plaintiffs. As a result, his inclusion of 102 plaintiffs in the Altoum Action cannot be considered 'inadvertent.'" 2010 WL 3700819, at *4. Here, Plaintiffs' counsel did not draft a complaint, as plaintiffs' counsel did in *Altoum*, but rather used a complaint filed in this court by Del Monte identified as the New Second Amended Complaint and filed it in state court. Additionally, unlike *Altoum*, here there is no evidence that Plaintiffs' counsel was aware that complaint was not the New Second Amended Complaint, that the complaint included the expanded class period in paragraph seven, or that Plaintiffs' counsel intended to expand the class by filing the Third Amended Complaint. To the contrary, Plaintiffs' counsel represents that the intent was to file the New Second Amended Complaint previously approved by the court – a position entirely consistent with Plaintiffs' positions taken in the two prior removal actions that they are not seeking and have not pleaded damages or facts that would trigger the Act's prerequisites for federal jurisdiciton. Unlike the facts in *Altoum*, the facts in this case support a finding that the expansion of the class resulted from a mistake or inadvertence in copying something from the record which qualifies as a scrivener's or clerical error. Accordingly, *Schillinger*, not *Burlington* or *Altoum*, is applicable to the case at hand.

Del Monte's argument that Plaintiffs intentionally expanded the class period by filing the Third Amended Complaint is belied by the record. First, the motion materials in support of the revised motion to amend the First Amended Complaint reveal that Plaintiffs primarily sought to set forth, with specificity, the damages sought by the named plaintiffs and add an allegation that the total amount of damages sought did not exceed $5,000,000, in response to Del Monte's motions to dismiss. The only change in paragraph seven was the addition of the term "production workers," which served to limit the previous class of "persons who worked at Del Monte's produce packing

plant." Plaintiffs never sought, the parties never addressed, and the court never allowed the expansion of the class period. Had Plaintiff intended to expand the class period, they surely could have done so while seeking leave to amend the First Amended Complaint.

Second, the record shows that the language expanding the class period included in the Third Amended Complaint came from documents filed by Del Monte, not Plaintiffs. The Third Amended Complaint first surfaces in this court's records on June 11, 2010, in the Second Notice filed by Del Monte. The exhibits filed with the Second Notice included a motion to intervene and a motion to stay proceedings filed by Remedy Staffing in state court. Attached as an exhibit to both of these motions are a proposed amended class action complaint relating to this action containing the changes identified in the New Second Amended Complaint as well as the language expanding the class period. Specifically, in paragraph seven of this proposed amended complaint, the language "and for those production workers employed thereafter with respect to any violation of wage and hour law alleged herein, until such time as Del Monte complies with the law" is included at the end of the paragraph. There is no indication in the record of how Remedy Staffing came to be in possession of this version of the proposed amended complaint but in light of the fact that Remedy Staffing was not a party to the action and is identified as Plaintiffs' employer, it is more likely that Del Monte, who was arguing Plaintiffs' employer was the proper defendant, provided Remedy Staffing with the version of the amended complaint attached to the motion to intervene and stay, not Plaintiffs. In that case, Del Monte was the party that created the opportunity for the Third Amended Complaint to be mistakenly filed. Plaintiffs' subsequent reliance on Del Monte's conduct supports a finding that Plaintiffs did not intentionally expand the class period by filing the version of the Third Amended Complaint first provided by Del Monte.

Third, despite the existence of the new version of the New Second Amended Complaint in the court record as an exhibit to the Second Notice, both of the parties argued the merits of the motion to remand under the allegations of the New Second Amended Complaint, which did not expand the class period. Had Plaintiffs intended to expand the class period by filing the new version of the New Second Amended Complaint, which was eventually filed as the Third Amended Complaint, they would have relied on the allegations in the new version, which included the expanded class period.

Fourth, Plaintiffs' counsel has explained that he mistakenly used the version of the New Second Amended Complaint attached to Remedy Staffing's motions and filed with this court by Del Monte, as a template for preparing a clean copy of the New Second Amended Complaint to file in state court after remand, and that he did not notice the expanded class period until it was brought to his attention by Del Monte shortly before this action was removed to this court for the third time. Plaintiffs' counsel had no reason to know that Remedy Staffing attached a revised version of the New Second Amended Complaint to its motions and reasonably relied on the documents submitted by Del Monte in the Second Notice. Additionally, Plaintiffs' counsel has represented that had Del Monte moved to strike the Third Amended Complaint as filed in violation of OR. R. CIV. P. 23A, Plaintiffs would have admitted their mistake and filed the New Second Amended Complaint previously authorized by the state court. Despite acknowledging that the Third Amended Complaint was improperly filed and that Plaintiffs had indicated that the expansion of the class was inadvertent, Del Monte did not move to strike the Third Amended Complaint in state court. Instead, Del Monte removed the action to this court for the third time, relying solely on the inadvertently included allegations that expanded the class period.

Finally, Plaintiffs have consistently represented in all actions before this court that they were not seeking damages in excess of $5,000,000, and never wavered from their position that this case is properly in state court, not federal court. It is not reasonable that Plaintiffs would intentionally file an amended complaint expanding the class period by two years thereby initiating the inevitable removal, yet again, to this court based on the existence of jurisdiction under the Act. The entire record supports a finding that Plaintiffs' expansion of the class period in the Third Amended Complaint was not intentional but rather an inadvertent scrivener's error, while Del Monte's attempt to capitalize on the error was intentional and should not be condoned.

Plaintiffs' counsel made a clerical error in relying on the document filed by Del Monte in the Second Notice as a template which resulted in the expansion of the class period in the Third Amended Complaint. Plaintiffs clearly intended to file the New Second Amended submitted to, and approved by, the state court. The sole justification for removal was this mistakenly expanded class. The court cannot allow Del Monte to rely on Plaintiffs' mistake to create jurisdiction under the Act. Accordingly, Plaintiffs' motion to amend the Third Amended Complaint to eliminate the allegations expanding the period and Plaintiffs' motion to remand based on the mistaken inclusion of those allegation in the Third Amended Complaint should be granted.

*Conclusion*

Plaintiffs' motion (#23) to remand should be GRANTED based on the finding that the Third Amended Complaint was not properly filed, the First Amended Complaint remains the operative complaint, and the court's prior determination that the allegations of the First Amended Complaint do not establish the requisite amount in controversy, and Plaintiffs' motion to amend (#35) should be remanded for consideration by the state court. In the alternative, Plaintiffs' motion (#35) to

amend and Plaintiffs' motion to remand (#23) should be GRANTED based on the finding that the expansion of the class period in the Third Amended Complaint was a mistake and that Del Monte may not rely on such mistake as sole support for the removal of this action.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **May 3, 2012**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of April, 2012.


_____
        /s/ John V. Acosta
        JOHN V. ACOSTA
    United States Magistrate Judge