IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROLINE PEREZ and MARIA T. PEREZ, individually and on behalf of all others similarly situated, | 3:11-CV-01243-AC<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| DEL MONTE FRESH PRODUCE, N.A., INC., a Florida Foreign Business Corporation, | |
| Defendant. | |

**BROWN, Judge.**

    Magistrate John V. Acosta issued Findings and Recommendation (#76) on April 18, 2012, in which he recommends the Court grant Plaintiffs' Motion (#23) to Remand Case and remand Plaintiffs' Motion (#35) to Amend for consideration by the state court. In the alternative, the Magistrate Judge recommends this Court grant

1 - ORDER

Plaintiffs' Motion (#35) to Amend and conclude Defendant may not rely on Plaintiffs' mistake "as sole support for the removal of this action."

On May 17, 2012, Defendant filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I.  Background

On June 17, 2009, Plaintiffs Caroline Perez and Maria T. Perez filed a class-action complaint against Defendant Del Monte Fresh Produce, N.A., Inc., in Multnomah County Circuit Court in which they defined the potential class as

> persons who worked at Del Monte's produce packing plant in Portland, Oregon, during the period from after June 12, 2007, through the filing of this action, and for those employed thereafter with respect to an violation of wage and hour laws alleged herein, until such time as Del Monte complied with the law.

Plaintiffs alleged Defendant breached Oregon's wage-and-hour laws by failing to pay them for preparing and concluding activities such as "time spent locating, obtaining, donning, doffing, and returning their uniforms and protective equipment"; failing to provide uninterrupted meal periods; and failing to provide paid, uninterrupted ten-minute rest periods for each four hours worked. According to Plaintiffs, Defendant underpaid each of the Plaintiffs as a result of these violations for at least thirty

2 - ORDER

minutes of each full day of work, failed to pay overtime when Plaintiffs worked more than ten hours per day or more than 40 hours per week, and breached a settlement agreement that Defendant executed in July 2006.

On July 23, 2009, Plaintiffs filed an amended complaint in state court in which they withdrew their claims based on Defendant's alleged failure to provide uninterrupted ten-minute rest periods and their claims as to all future employees in the class; deleted their allegations that all class members are minimum- or close-to-minimum-wage workers; and added claims for damages for unpaid wages, statutory damages, and contract damages.

On August 6, 2009, Defendant moved to dismiss Plaintiffs' amended complaint on the grounds that Plaintiffs failed to join a necessary party and "to state ultimate facts sufficient to constitute a claim."

On September 4, 2009, before the state court ruled on Defendant's motion to dismiss, Plaintiffs moved to file a second amended complaint that specifically set out the amount of damages sought by Plaintiffs.

On October 8, 2009, before the state court ruled on Plaintiffs' motion for leave to file a second amended complaint, Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(*Del Monte I*).

On October 9, 2009, Plaintiffs filed a Motion for Leave to File Second Amended Complaint in this Court that mirrored the motion they had filed in state court.

On October 21, 2009, Magistrate Judge Acosta held a status conference and issued an Order directing Defendant to file an amended notice of removal by October 23, 2009, and Plaintiffs to file their motion to remand by November 6, 2009. The Magistrate Judge also suspended any further briefing on the motions removed from state court.

On October 23, 2009, Defendant filed an Amended Notice of Removal asserting the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), as an additional basis for federal jurisdiction. On November 6, 2009, Plaintiffs filed a Motion to Remand.

On January 21, 2010, Magistrate Judge Acosta issued Findings and Recommendation in which he recommended the Court grant Plaintiffs' Motion to Remand on the ground that Defendant failed to establish by a preponderance of the evidence that Plaintiffs' damages exceeded either the $75,000 amount-in-controversy requirement of § 1332(a) or the $5,000,000 aggregate amount-in-controversy requirement of CAFA.

On April 2, 2010, this Court adopted the Findings and Recommendation and entered a Judgment remanding the matter to state court.

4 - ORDER

After remand Defendant submitted requests for admissions to Plaintiffs related to (1) attorneys' fees and costs that Plaintiff had incurred in a related wage-and-hour class-action litigation against Defendant,[1] (2) the attorneys' fees and costs incurred in the current action, (3) the total damages sought by the class members, and (4) the total damages sought on behalf of the class.

On May 21, 2010, Plaintiffs filed in state court a revised motion for leave to file a second amended complaint to include, among other things, an allegation that "AGGREGATE OF ALL CLAIMS DOES NOT EXCEED FIVE MILLION DOLLARS." The state court granted Plaintiffs' motion on June 4, 2010, and directed Plaintiffs to file a revised second amended complaint no later than June 14, 2010.

On June 11, 2010, before Plaintiffs filed their revised second amended complaint, Defendant removed the matter to this Court a second time (*Del Monte II*) on the grounds of diversity jurisdiction under § 1332(a) and/or CAFA based on evidence of the number of potential class members and their damages that Plaintiff provided to Defendant during discovery.

On July 14, 2010, Plaintiffs filed a Motion to Remand *Del Monte II* to state court.

---

[1] *Cortez-Liborio v. Del Monte*, Multnomah Cnty. Cir. Ct. No. 0710-11657.

5 - ORDER

On May 23, 2011, Magistrate Judge Acosta issued Findings and Recommendation in *Del Monte II* in which he recommended the Court grant Plaintiffs' Motion to Remand.  The Magistrate Judge found, among other things, that even though the Court must look to the allegations in Plaintiffs' First Amended Complaint when determining whether this Court has jurisdiction because Plaintiffs had not filed their second amended complaint at the time Defendant removed the matter, the Court, nevertheless, could also consider the allegations in Plaintiff's proposed second amended complaint for purposes of determining jurisdiction.  In addition, the Magistrate Judge found (1) Defendant had the burden to prove removal is proper by a preponderance of the evidence, (2) Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000 as required by § 1332(a), and (3) Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeded $5,000,000 as required by CAFA.

On June 17, 2011, Defendant filed a Notice of New Facts in *Del Monte II* in which it noted on October 5, 2010, Plaintiffs' counsel projected attorneys' fees of approximately $1.3 million in the *Cortez-Liborio* action.  Magistrate Judge Acosta based his analysis of the likely amount of attorneys' fees for Plaintiffs' counsel in this action on Plaintiffs' $1.3 million estimate in the *Cortez-Liborio* action and concluded Defendant had not

6 - ORDER

established the amount in controversy exceeded $5,000,000 as required by CAFA.  In its Notice, however, Defendant pointed out that Plaintiffs' counsel filed their petition for attorneys' fees in *Cortez-Liborio* on June 10, 2011, seeking $2.9 million in attorneys' fees, which was approximately 2½ times more than the $1.3 million earlier projected by Plaintiff and relied on by the Magistrate Judge in his analysis.  According to Defendant, the $2.9 million in attorneys' fees sought in *Cortez-Liborio* established by a preponderance of the evidence that the amount in controversy exceeded $5,000,000 as required by CAFA, and, therefore, this Court had jurisdiction under CAFA.

On August 19, 2011, the Court issued an Order in *Del Monte II* adopting the May 23, 2011, Findings and Recommendation and concluding, among other things, that Defendant had not established by a preponderance of the evidence that the action satisfied the amount-in-controversy requirement of CAFA even after considering Defendant's Notice of New Facts.  The Court also noted Plaintiffs were granted leave by the state court to amend their First Amended Complaint to allege the aggregate amount of their claims in this matter does not exceed $5,000,000.  Nevertheless, Plaintiffs' First Amended Complaint continued to be the operative complaint with respect to the issue of removal because, as noted, Defendant removed the matter to this Court before Plaintiffs had a chance to file their proposed second

7 - ORDER

amended complaint.

On September 15, 2011, Plaintiffs filed a second amended class-action complaint in state court. The second amended complaint filed was substantially similar to the proposed second amended complaint that Plaintiffs attached to their May 21, 2010, revised motion for leave to file a second amended complaint in state court except that Plaintiffs expanded the class period from two to seven years in paragraph seven. Notice of Removal, Ex. 1 at 405.

On September 28, 2011, Defendant filed a motion to stay the state-court proceedings. In its motion, Defendant noted

> It appears that the Second Amended Class Complaint
> . . . is not the same as the proposed Second
> Amended Class Action Complaint that Plaintiffs
> attached to the May 21, 2010, Revised Motion for
> Leave to File Second Amended Complaint. For
> instance, the proposed version defines the class
> differently than the recently filed Second Amended
> Class Action Complaint. . . . As such, to the
> extent the Second Amended Class Action Complaint
> . . . was improperly filed, Del Monte reserves its
> rights to file the appropriate motion in response
> thereto.

Notice of Removal, Ex. 1 at 435 n.1. In their response to Defendant's motion to stay, Plaintiffs acknowledged paragraph seven of the second amended complaint differed from paragraph seven in the proposed second amended complaint, but Plaintiffs contended Defendant should be required to file any objection to the second amended complaint in a formal motion before the state court.

8 - ORDER

On October 14, 2011, Defendant removed the matter to this Court a third time (*Del Monte III*) relying on CAFA and noting in Plaintiff's September 15, 2011, Second Amended Complaint that Plaintiffs expanded the class at issue because they

> defined the class period from "June 12, 2007, through the date of filing this action and for those production workers employed thereafter with respect to any violation of wage and hour law alleged herein, until such time as Del Monte complies with the law."

Notice of Removal, Ex. 1 at 440-41. In a November 9, 2011, Status Report, Defendant indicated it only removed *Del Monte III* because Plaintiffs greatly increased the class period in their September 15, 2011, Second Amended Complaint, which likely brought this matter within the amount-in-controversy requirement of CAFA. Defendant also advised the Court that Plaintiffs asserted the change to the class period was inadvertent and, therefore, Defendant requested the Court to require Plaintiffs to amend their September 15, 2011, Second Amended Complaint to clarify this issue.

On November 30, 2011, Plaintiffs filed a Motion to Remand in *Del Monte III* noting

> Del Monte has pointed out that paragraph 7 of the second amended complaint actually filed in state court differs from the one plaintiffs submitted two years earlier with their motion for leave to amend in that it expands the class period from two years to some larger but unspecified time period. This discrepancy was an unintentional error on the part of plaintiffs' counsel. Had the case not been removed, plaintiffs would certainly have

9 - ORDER

> amended the complaint in state court to correct the mistake as soon as it was pointed out. They are equally willing to do so in this Court.

Pls.' Memo. in Support of Mot. to Remand at 3.

On December 13, 2011, Plaintiffs filed a Motion to Amend their September 15, 2011, Second Amended Complaint to correct the drafting error in paragraph seven "that may have had the unintended effect of expanding the class period beyond the time period allowed by the state court's order granting leave to amend." Pls.' Mot. for Leave to Amend at 2. In his Declaration in support of Plaintiffs' Motion for Leave to Amend, attorney Arthur Schmidt testifies he was responsible for filing the inaccurate Second Amended Complaint and

> [i]n doing so I did not intend to expand the class period or to accomplish any other goal than filing the second amended complaint with its express waiver of amounts in excess of $5 million. Plaintiffs have never obtained leave from any court to expand the class period or the class membership beyond "persons who worked as production workers at Del Monte's produce packing plant in Portland, Oregon, during the period from after June 12, 2007, through the date of filing of this action."

Decl. of Arthur Schmidt at ¶¶ 2-3.

As noted, on April 18, 2012, the Magistrate Judge issued Findings and Recommendation in which he recommends the Court grant Plaintiffs' Motion to Remand and remand Plaintiffs' Motion to Amend for consideration by the state court. In the alternative, the Magistrate Judge recommends this Court grant

10 - ORDER

Plaintiffs' Motion to Amend and conclude Defendant may not rely on Plaintiffs' mistake "as sole support for the removal of this action."

**II. Analysis**

The right to remove a state-court action to federal court must be determined according to the plaintiff's pleading at the time of the petition for removal. *See, e.g., Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)("For purposes of determining whether removal was proper, our analysis concerns the pleadings filed at the time of removal without reference to subsequent amendments.").

As the Magistrate Judge properly noted, even though both parties assume the September 15, 2011, Second Amended Complaint is the operative complaint in *Del Monte III*, their assumption "overlooks that a complaint [that is] filed without court approval, consent of the parties, or in accordance with the civil rules under either Oregon or federal law is without effect." *See, e.g., Shaughnessy v. Spray*, 55 Or. App. 42 (1981)(court treated the plaintiff's amended complaint filed without leave of the court or consent of the parties as though it was never filed); *United States v. Healthsouth Corp.*, 332 F.3d 293 (5th Cir. 2003)("Under Rule 15(a), Mathews needed permission before his amended complaint could be filed, which he did not have on August 2. . . . [F]ailing to request leave from the court when

11 - ORDER

leave is required makes a pleading more than technically deficient.  The failure to obtain leave results in an amended complaint having no legal effect.  Without legal effect, it cannot toll the statute of limitations period."); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998)(same); *Hoover v. Blue Cross and Blue Shield of Al.*, 855 F.2d 1538, 1544 (11th Cir. 1988)(same); *Derusseau v. Bank of America, N.A.*, No. 11 CV 1766 MMA JMA, 2012 WL 1059928 (S.D. Cal. Mar. 28, 2012)(same).

    Plaintiffs amended their state-court complaint as a matter of right when they filed their first amended complaint in state court on July 23, 2009.  Under Oregon Rule of Civil Procedure 23A, however, Plaintiffs were required to obtain leave from the court or consent from Defendant before amending their first amended complaint.  As noted, Plaintiffs moved in state court on September 4, 2009, to file a second amended complaint.  The state court never ruled on that motion because Defendant removed the matter to this Court (*Del Monte I*).  On remand Plaintiffs filed a motion for leave to file a second amended complaint.  The state court granted Plaintiffs' motion and directed Plaintiffs to file their second amended complaint before June 14, 2010.  Once again Defendants removed the matter to this Court (*Del Monte II*) before Plaintiffs filed a second amended complaint.  On remand Plaintiffs filed the September 15, 2011, Second Amended Complaint, over a year after the June 14, 2010, deadline set by

12 - ORDER

the state court and without leave from the state court or consent from Del Monte. This Court agrees with the Magistrate Judge's conclusion that the September 15, 2011, Second Amended Complaint does not have any legal effect under these circumstances because it was filed without leave of court or consent by Defendant. Thus, it cannot serve to satisfy the amount-in-controversy requirement of CAFA.

In its Objections, Defendant reiterates the arguments contained in its Response to Plaintiffs' Motion to Remand and stated at oral argument. This Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#76) and, therefore, **GRANTS** Plaintiffs' Motion (#23) to Remand Case and **REMANDS** Plaintiffs' Motion (#35) to

13 - ORDER

Amend for consideration by the state court.[2]

IT IS SO ORDERED.

DATED this 12th day of July, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

---

[2] The Court does not consider the Magistrate Judge's alternative recommendation.

14 - ORDER